IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SOLIDSTRIP, INC.,

                           Plaintiff,

  v.

U.S. TECHNOLOGY CORPORATION,              OPINION and ORDER
RAYMOND F. WILLIAMS, U.S. TECHNOLOGY
MEDIA CORPORATION, ANTHONY GIANCOLA,      20-cv-822-jdp
MARK E. CUNDIFF, MISSOURI GREEN
MATERIALS, DARYL DUNCAN,
and PENNY DUNCAN,

                           Defendants.

---

Plaintiff Solidstrip, Inc. is suing defendants under multiple legal theories for using fraud and bribery to obtain government contracts that Solidstrip wanted. Four of the seven defendants move to dismiss the case for improper venue under Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406, or, in the alternative, to transfer the case to the Northern District of Ohio. Dkt. 27 and Dkt. 32. The court concludes that Solidstrip hasn't shown that venue is proper in the Western District of Wisconsin. Because none of the other defendants object to transfer and Solidstrip doesn't contend that venue would be improper in Ohio, the court will transfer rather than dismiss the case.

Three other matters are before the court: (1) a letter from pro se defendant Mark Cundiff requesting assistance in recruiting counsel, Dkt. 32; (2) Solidstrip's motion for a writ of attachment against defendants U.S. Technology Corporation and Raymond Williams, Dkt. 45; and (3) defendants' motion to stay the proceedings pending a decision on their motions to dismiss or transfer, Dkt. 51. The court will take no action on Cundiff's letter to allow the receiving court to consider in the first instance whether Cundiff requires assistance.

The court will deny without prejudice Solidstrip's motion for a writ of attachment. Under Federal Rule of Civil Procedure 64, such a motion is based on the law of the forum state. If Solidstrip still believes it is entitled to a writ, it will have to file a renewed motion under Ohio law. The court will deny the motion to stay as moot.

BACKGROUND

The following allegations are taken from the complaint and accepted as true for the purpose of the pending motions.

Solidstrip manufactures and sells Type VIII plastic media, which is an abrasive blasting material that is used to remove paint. From 2011 to 2015, defendant U.S. Technology was the only other manufacturer of Type VIII. Defendant Raymond Williams was the owner and chief executive of U.S. Technology.

Many details are missing from the complaint, and Solidstrip doesn't provide a clear chronology of events. But all of its claims relate to government contracts that both it and U.S. Technology competed for. Solidstrip says that U.S. Technology was able to win these contracts by engaging in two types of unlawful conduct: (1) bribing government officials, including defendant Mark Cundiff, a former employee of the Department of Defense; and (2) falsely promising that it would be able to recycle Title VIII waste materials. Defendants Missouri Green Materials, Daryl Duncan, and Penny Duncan conspired with Williams and U.S. Technology to store the waste materials rather than recycle them. All of the above defendants have been convicted of federal crimes related to the alleged bribery and fraud.

Solidstrip doesn't provide a timeframe for defendants' conduct, but presumably it was before March 2015, when U.S. Technology sold its assets to defendant U.S. Technology Media

Corporation. Solidstrip doesn't allege that U.S. Technology Media was directly involved in a bribe or conspiracy. Solidstrip's theory of liability against U.S. Technology Media is that it is an alter ego of U.S. Technology. Solidstrip doesn't explain who defendant Anthony Giancola is or why he is being sued, but defendants say that he is the CEO of U.S. Technology Media.

Solidstrip has asserted eight claims against all of the defendants: (1) intentional interference with a prospective contract; (2) injury to business under Wis. Stat. § 134.01; (3) common-law conspiracy; (4) racketeering under 18 U.S.C. §§ 1961(4), (5), (9) and 1962(b); (5) racketeering under 18 U.S.C. §§ 1961(5) and 1962(c); (6) racketeering under 18 U.S.C. § 1961(d); (7) commercial bribery under 15 U.S.C. § 15(c); and (8) conspiracy under Wis. Stat. § 133.03.

ANALYSIS

Venue in federal court is governed by 28 U.S.C. § 1391(b). In this case, Solidstrip relies solely on § 1391(b)(2), which allows the plaintiff to sue in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." Solidstrip doesn't contend that this lawsuit is about property in the Western District of Wisconsin, so the only question is whether a substantial part of the events or omissions giving rising to Solidstrip's claims occurred in this district. Solidstrip has the burden of showing that it did. *See Stechauner v. Toney*, No. 20-cv-71-jdp, 2020 WL 5943703, at *1 (W.D. Wis. Oct. 7, 2020); 14D Charles Alan Wright, et al., *Federal Practice and Procedure* § 3826 (4th ed.).

The complaint doesn't identify any events or omissions related to this case that occurred in Wisconsin. Solidstrip's only basis for venue identified in the complaint is that "all

Defendants do business and/or hold themselves open to doing business throughout the United States." Dkt. 1, ¶ 16. But Solidstrip neither identifies any business that defendants conducted in Wisconsin nor explains how any business in Wisconsin gave rise to Solidstrip's claims. So the complaint doesn't establish that venue is proper under § 1391(b)(2).

In its opposition brief, Solidstrip relies on a declaration from its president, who avers that Solidstrip was in Wisconsin when it was communicating with the government during the bidding process for the contracts at issue in this case. Dkt. 35, ¶¶ 7–9. But Solidstrip doesn't explain how its claims arose out of those communications.

This court has followed other courts in this circuit holding that a venue analysis under § 1391(b)(2) focuses on the activities of the defendants, not the plaintiff. *See Price v. Adam Auto Sales*, No. 16-cv-197-jdp, 2016 WL 7266814, at *2 (W.D. Wis. Dec. 15, 2016) (collecting cases). This view makes sense because a plaintiff's claim generally arises out of the defendants' conduct, not its own. It is also consistent with numerous other cases involving tort claims in which courts have stated that venue is proper under § 1391(b)(2) where the tortious conduct occurred rather than where the plaintiff was located.[1] If the plaintiff's location were enough to satisfy § 1391(b)(2), plaintiffs would always be permitted to sue in their home forum. *See Astor Holdings, Inc. v. Roski,* No. 01 CIV. 1905 (GEL), 2002 WL 72936, at *8 (S.D.N.Y. Jan. 17, 2002)*; see also* 14D Charles Alan Wright et al., *Federal Practice & Procedure* § 3806 (4th ed.) (if

---

[1] *See, e.g., K'oyitl'ots'ina, Ltd. v. Gottschalk*, No. 4:19-CV-0030-HRH, 2019 WL 6257723, at *4 (D. Alaska Nov. 22, 2019); *Eddie Kane Steel Prod., Inc. v. Alabama Plate Cutting Co.*, No. CV1815167MASLHG, 2019 WL 3281623, at *9 (D.N.J. July 19, 2019); *Vera Bradley Designs, Inc. v. Denny*, 2018 WL 3633986 at *3–4 (N.D. Ind. 2018); *Builders Bank v. Ruvalcaba*, No. 14 C 1116, 2014 WL 3889067, at *2 (N.D. Ill. Aug. 8, 2014); *Hemispherx Biopharma, Inc. v. MidSouth Capital, Inc.*, 669 F. Supp. 2d 1353, 1357 (S.D. Fla. 2009); *Clark Products, Inc. v. Rymal*, 2002 WL 31572569, *4 (N.D. Ill. 2002).

the plaintiff's economic harm in a district were enough to satisfy § 1391(b), "venue almost always would be proper at the place of the plaintiff's residence, an option that Congress abolished in the general venue statute").

Solidstrip doesn't identify any conduct by any of the defendants that occurred in Wisconsin. It doesn't allege that defendants visited Wisconsin, had any communications with Solidstrip during the bidding process, or were even aware that Solidstrip was bidding on the same contracts.

Solidstrip does say that one of the contracts at issue was for a project at the Air National Guard in Madison. Dkt. 35, ¶ 10. But that doesn't qualify as a "substantial" event because Solidstrip acknowledges that its claims relate to more than 20 other contracts for projects in other districts. *Id.*

Solidstrip cites *Quarra Stone Co., LLC v. Yale University*, for the proposition that § 1391(b)(2) is satisfied if events that are part of the "historical predicate" for the plaintiff's claims occurred in the district. No. 13-cv-790-slc, 2014 WL 320059, at *12 (W.D. Wis. Jan. 29, 2014). Solidstrip doesn't explain how *Quarra* supports its position, but presumably Solidstrip's view is that its own attempts to obtain government contracts are part of the "historical predicate" for its claims. But if that is Solidstrip's view, it isn't persuasive. The cited language has its origins in *Uffner v. La Reunion Francaise, S.A.*, in which the court held that venue was proper on a claim against an insurer in the district where the property at issued was damaged, even though the insurer hadn't engaged in any conduct in the district. 244 F.3d 38, 42 (1st Cir. 2001). But those facts have no resemblance to this case. Uffner's claim arose out of the property damage, regardless where the defendant was located. In this case, Solidstrip's

5

claims arose out of defendants' alleged wrongful conduct, not Solidstrip's communications with the government.

The bottom line is that Solidstrip hasn't identified a substantial part of the events or omissions giving rise to its claims that occurred in the Western District of Wisconsin. And it hasn't cited any cases in which a court found that venue was proper under similar circumstances. So the court concludes that Solidstrip has failed to meet its burden to satisfy the requirements of § 1391(b).

Defendants U.S. Technology, Williams, U.S. Technology Media , and Giancola ask the court to transfer the case to the Northern District of Ohio because that is where they are domiciled. None of the other defendants object to transfer, and Solidstrip doesn't contend that venue is improper in Ohio. So the court will grant defendants' motion to transfer rather than dismiss the case. *See* 28 U.S.C. § 1406(a) (rather than dismiss case for improper venue, court may transfer case to any district where it could have been brought).

ORDER

IT IS ORDERED that:

1. Defendants' motions to transfer this case to the Northern District of Ohio, Dkt. 27 and 32, are GRANTED. The clerk of court is directed to transfer the case.

2. Plaintiff Solidstrip, Inc's motion for a writ of attachment, Dkt. 45, is DENIED without prejudice.

3. Defendants' motion to stay, Dkt. 51, is DENIED as moot.

Entered April 2, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge